**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO.   18-193** |
| **DKYLE JAMAL BRIDGES** | : | **Trial Date: March 22, 2019** |
| **KRISTIAN JONES** | | |
| **ANTHONY JONES a/k/a/ "Ears"** | : | |

**GOVERNMENT'S TRIAL MEMORANDUM**

The United States of America, by its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, Seth M. Schlessinger, Assistant United States Attorney for the District, and Jessica L. Urban, Trial Attorney, United States Department of Justice, respectfully submits this trial memorandum to assist the Court in the trial of this matter.   The trial is scheduled to begin on March 22, 2019.   The government expects the presentation of its evidence to last approximately eight days.

## I.   THE INDICTMENT

The Superseding Indictment alleges in Count One that from in or around 2012 through on or about September 21, 2017, the defendants conspired to commit sex trafficking of a minor and by force, fraud, or coercion in the Eastern District of Pennsylvania and elsewhere, in violation of 18 U.S.C. §§ 1591 and 1594(c); in Count Two that from in or around 2012 through on or about September 17, 2017, defendant Dkyle Jamal Bridges engaged in the sex trafficking by force, fraud, or coercion of Z.W. in the Eastern District of Pennsylvania and elsewhere, in violation of 18 U.S.C. § 1591; in Count Three that from in or around November 2015 through in or around May 2016, defendants Dkyle Jamal Bridges and Anthony Jones engaged in the sex

1

trafficking by force, fraud, or coercion of J.S. in the Eastern District of Pennsylvania and

elsewhere, in violation of 18 U.S.C. § 1591; in Count Four that from in or around November

2015 through on or about September 21, 2017, all defendants engaged in the sex trafficking of a

minor and by force, fraud, or coercion of B.T. in the Eastern District of Pennsylvania and

elsewhere, in violation of 18 U.S.C. § 1591; in Count Five that from in or around October 2016

through on or about November 15, 2016, all defendants engaged in the sex trafficking of a minor

and by force, fraud, or coercion of N.G. in the Eastern District of Pennsylvania and elsewhere, in

violation of 18 U.S.C. § 1591; and in Count Six that from in or around October 2016 through on

or about November 15, 2016, all defendants engaged in the sex trafficking of a minor and by

force, fraud, or coercion of L.C. in the Eastern District of Pennsylvania and elsewhere, in

violation of 18 U.S.C. § 1591.

    **A.**    **Statutes Charged**

    **1.**    **18 U.S.C. § 1591** (sex trafficking of a minor or by force, fraud, or

coercion) provides as follows:

(a) Whoever knowingly-

> (1) in or affecting interstate or foreign commerce, . . . recruits, entices,
> harbors, transports, provides, obtains, . . . [or] maintains . . . by any means
> a person;
>
> . . .

knowing, or . . . in reckless disregard of the fact, that means of force, threats of
force, fraud, [or] coercion . . . will be used to cause the person to engage in a
commercial sex act, or that the person has not attained the age of 18 years and
will be caused to engage in a commercial sex act, shall be [guilty of a crime].

(c) [However, when] the defendant had a reasonable opportunity to observe the
person so recruited, enticed, harbored, transported, provided, obtained, [or]
maintained, . . . the Government need not prove that the defendant knew, or

recklessly disregarded the fact, that the person had not attained the age of 18 years.

(e)(2) The term "coercion" means (A) threats of serious harm to or physical restraint against any person; (B) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or (C) the abuse or threatened abuse of law or the legal process.

(e)(4) The term "serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

(e)(3) The term "commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

**2.**     **18 U.S.C. § 1594(c)** (conspiracy) provides as follows:

"Whoever conspires with another to violate Section 1591" shall be guilty of a crime.

**B.     Elements of the Offenses**

1.     **18 U.S.C. § 1591** (sex trafficking of a minor or by force, fraud, or

coercion)

In order to establish that a defendant committed the crime of sex trafficking of a minor or by force, fraud, or coercion, the government must prove beyond a reasonable doubt each of the following elements:

First:          Defendant knowingly recruited or enticed or harbored or transported or

provided or obtained or maintained by any means a person;

Second:     Defendant knew, or recklessly disregarded the fact, either

that means or threats of force, fraud, or coercion would be used

against the person to engage in a commercial sex act; or

that the person had not attained the age of 18 years and would be

caused to engage in a commercial sex act; <u>or</u>

Defendant had a reasonable opportunity to observe the person who had not

attained the age of 18 years and knew, or recklessly disregarded the fact,

that the person would be caused to engage in a commercial sex act; and

Third:       Defendant's acts were in or affecting interstate or foreign commerce.

2.       **18 U.S.C. § 1594(c)** (conspiracy to commit sex trafficking of a minor or

by force, fraud, or coercion)

In order to establish that a defendant committed the crime of conspiracy to

commit sex trafficking of a minor or by force, fraud, or coercion, the government must prove

beyond a reasonable doubt each of the following elements:

First:       Two or more persons agreed to commit sex trafficking of a minor or by

force, fraud, or coercion;

Second:       Defendant was a party to or member of that agreement; and

Third:       Defendant joined the agreement or conspiracy knowing of its objective

and intending to join together with at least one other alleged conspirator to

achieve that objective.

## II.   <u>THE GOVERNMENT'S CASE</u>

### A.   Facts

From 2012 through September 2017 defendant Bridges led a prostitution enterprise

in which various adult and minor females performed commercial sex acts in southeastern

Pennsylvania, Delaware, Maryland, and elsewhere for Bridges' financial benefit.   Bridges

frequently used violence and threats to cause the females to engage in the commercial sex acts. Defendants Kristian Jones and Anthony Jones, among others, assisted Bridges in various capacities in running the business.

In November 2016, a Tinicum Township Police Department officer stopped a vehicle that had recently left a hotel known to be frequented by individuals engaged in prostitution. The driver admitted to the officer that he had just met a prostitute at the hotel and that he had arranged the "date" through Backpage.com.   Law enforcement went to the room that the customer had visited, and recovered minors N.G. and L.C.   Defendant Kyle Jones was discovered in the room's bathroom.   Defendant Anthony Jones had rented the room.   Physical evidence from the room included condoms and cell phones belonging to N.G. and Kristian Jones, which were subsequently forensically examined (N.G.'s pursuant to her written consent, and Jones's pursuant to a search warrant).   The phones contained, among other things, (a) messages among N.G., Kristian Jones, and Bridges regarding prostitution, on both phones; (b) web history showing visits to Backpage.com, on Jones's phone; (c) photographs used in Backpage ads, on Jones's phone; and (d) multiple calls among N.G., Kristian Jones, Anthony Jones, and Bridges during the time N.G. and L.C. were being prostituted by the men, on Jones's phone.

Also in November 2016, a Newark (Delaware) Police Department officer, acting in an undercover capacity, responded to a Backpage ad offering commercial sex.   When law enforcement arrived at the hotel for the "date," they recovered minor B.T. and a female adult. Similarly, in July 2017, a Philadelphia Police Department officer, acting in an undercover capacity, responded to a Backpage ad offering commercial sex.   When law enforcement arrived at the hotel for the "date," they recovered B.T., who had by then turned 18, and Bridges, in a vehicle outside.

5

Additional investigation – including forensic review of B.T.'s cell phones – revealed that B.T. was being trafficked, both while she was still a minor and after she turned 18, by the defendants, with Bridges frequently engaged in violence against her and threats against her family.

Also in July 2017, a Newark (Delaware) Police Department officer, acting in an undercover capacity, responded to a Backpage ad offering commercial sex.   When law enforcement arrived at the hotel room for the "date," they found a female adult, with defendants Kristian Jones and Anthony Jones outside, and additional evidence of the defendants' trafficking activities.

Among the many other females whom Bridges trafficked during the course of the conspiracy were adults J.S. and Z.W., whom he trafficked by force, fraud, or coercion.   Among the other females whom Anthony Jones trafficked during the course of the conspiracy was J.S., who—as explained above—was subject to force, fraud, or coercion.

     **B.**     **Government Witnesses**

The following witnesses may testify in the government's case-in-chief:

1. **N.G., L.C., and B.T.** (the minor victims of Counts Four through Six), whose identities have been disclosed to the defendants, regarding the facts and circumstances surrounding their being trafficked by the defendants, and the use of force, fraud, and/or coercion toward them.

2. **J.S. and Z.W.** (the adult victims of Counts Two through Three), whose identities have been disclosed to the defendants, regarding the facts and circumstances surrounding their being trafficked by the defendants, and the use of force, fraud, and/or coercion toward them.

3.  **Eyewitnesses 1-10**, whose identities have been, or prior to trial will be, disclosed to the defendants, regarding their direct observation of the defendants' trafficking activities and commercial sex acts performed by the victims, including the use of force, fraud, and/or coercion.

4.  **Treating medical professionals 1-4**, whose identities have been, or prior to trial will be, disclosed to the defendants, regarding their treatment and diagnosis of victims including L.C. after their recovery by law enforcement.

5.  **Expert witness 1**, whose identity (along with the opinions and bases therefor) will be disclosed to the defendants prior to trial, regarding, the psychological effects of sex trafficking (and grooming therefor) on victims, including "counterintuitive" victim behavior.[1]

6.  **Officer Stephen Lis, Corporal Robert Alpaugh, and Sergeant James Simpkins** (Tinicum Township Police Department), regarding the recovery of victims N.G. and L.C. on November 15, 2016, including the presence of defendant Jones, and other trafficking activities by the defendants.

---

[1] Defendant Kristian Jones has noticed his intent to introduce expert testimony regarding his purported "neuropsychological deficits" in "visuospatial capacities"; the Government, in response, is seeking a mental evaluation by a qualified professional and otherwise assessing the proposed defense expert's report.  *See, e.g.*, ECF Nos. 57, 120, 124.   Should the defense offer such evidence at trial—although the Government is not conceding the admissibility of such evidence and reserves the right to move to exclude it—the Government may offer expert testimony in response.

7. **Corporal Joseph Kendrick and Corporal Kenneth Odom** (Newark, Delaware Police Department), regarding the recovery of victim B.T. on November 23, 2016, and other trafficking activities by the defendants.

8. **Sergeant Jeffrey Smith and Detective David May** (Delaware State Police), regarding the December 21, 2013 arrest of defendant Bridges and victim Z.W., including admissions by defendant Bridges.

9. **Officer Arthur Weston and Sergeant Marvin Burton** (Philadelphia Police Department), regarding the recovery of B.T. on July 12, 2017, including the presence of defendant Bridges.

10. **Corporal Chris Schemm, Officer Robert Inverso, and Officer Marco Ferraro** (Delaware River & Bay Authority), regarding defendant Bridges' October 2015 encounter with Z.W. and another female at the Quality Inn, including the police response and defendant Bridges' admissions.

11. **Officers Zonyiho Dongbetor and Guy DeBonaventura** (Wilmington Police Department), regarding defendant Bridges' October 2017 encounter with L.C. and another male, including the police response.

12. **FBI Special Agents Christopher ("CJ") Jackson and Nicholas Grill**, regarding the investigation of the defendants, including items found on cell phones, incriminating jail phone calls involving the defendants, and hotel records.[2]

---

[2] The government expects to offer the hotel records and other records obtained during the course of the investigation under the business-records exception, with certificates satisfying Federal Rules of Evidence 803(6) and 903(11) and (13).   To the extent a live witness is deemed necessary to establish the admissibility of such records,

C.      **Anticipated Evidence**

The government's anticipated evidence includes some or all of the following, all of which has been (or will be) made available to the defense in discovery:

1.      Birth certificates of B.T., N.G., and L.C.

2.      Defendants', victims', and witnesses' cell phones and their digital contents (including, but not limited to, call logs, contact lists, text messages and other chats, web history, photographs and videos, location data, user accounts, wireless connections, and social media communications)

3.      Preserved text messages sent and received by law enforcement officers acting in an undercover capacity

4.      Toll records and subscriber information for various phones used by the defendants, victims, and/or witnesses

5.      Recorded prison phone calls and written messages from state and federal correctional facilities

6.      Business records from various hotels

7.      Surveillance video depicting the defendants and/or victims at hotels from which victims were trafficked

8.      Photographs of the defendants, victims, witnesses, and locations where sex trafficking took place

9.      Business records from Backpage.com and similar Internet advertisements

10.     Medical records documenting injuries suffered by the victims, including from Crozer Keystone Health System

11.     Recorded statements by a defendant related to his involvement in sex trafficking, as well as written *Miranda* waiver

12.     Physical evidence seized from hotel rooms, cars, and persons during the course of the investigation and tending to establish the operation of the

the government reserves the right to call such a witness.

defendants' sex trafficking enterprise (including condoms, room keys, and prepaid debit cards)

## III.   PRE-TRIAL MOTIONS

Pending before the Court are defendants' motions to suppress (ECF Nos. 44, 55, and 65), defendant Bridges' motion for a *Franks* hearing (ECF No. 121), and the government's motion in limine to exclude reference by the defense to the victims' other sexual behavior pursuant to Federal Rule of Evidence 412 and to admit evidence of trafficking of additional victims beyond those specifically identified in the substantive counts (ECF No. 58).

Additional pretrial motions may also be filed in advance of the scheduled February 14, 2019 motions hearing, including a motion by the government to exclude evidence by defendant Kristian Jones' proposed neuropsychology expert.

## IV.   OTHER ISSUES

The government reserves the right to call rebuttal witnesses in the event the defendant(s) elect(s) to present any defense.

Respectfully submitted,


WILLIAM M. McSWAIN
United States Attorney


_____/s/ Seth M. Schlessinger_____
SETH M. SCHLESSINGER
Assistant United States Attorney
U.S. Attorney's Office for the Eastern District of
        Pennsylvania
615 Chestnut Street
Philadelphia, PA 19106

JESSICA L. URBAN
Trial Attorney
Child Exploitation and Obscenity Section

10

U.S. Department of Justice
1400 New York Avenue NW
Washington, DC 20005

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on the date listed below, I filed a copy of the foregoing document with the Clerk of Court, and served a copy upon all counsel of record, via CM/ECF.

*s/Seth M. Schlessinger*
SETH M. SCHLESSINGER
Assistant United States Attorney

Date:       January 25, 2019